UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-cr-0389 GEB AC |
| Plaintiff, | No. 2:08-cr-0390 GEB AC |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| SON NGUYEN, | |
| Defendant. | |

Defendant is a federal prisoner who has filed a pro se Motion for the Return of Seized Property pursuant to Rule 41(g), Federal Rules of Criminal Procedure. ECF No. 226. The matter was referred to the undersigned pursuant to Local Rule 302(b)(6). ECF Nos. 227, 228. The United States has filed a Motion to Dismiss. ECF No. 233. Defendant opposes the motion. ECF No. 235. For the reasons that follow, the undersigned recommends that the Motion to Dismiss be granted and the Motion For Return Of Seized Property be summarily denied.

Defendant Son Nguyen seeks the return to his father of a Cadillac Escalade that was seized by agents of the Drug Enforcement Administration ("DEA") in relation to the defendant's investigation and subsequent prosecution for distribution of methamphetamine. Defendant asserts that his father was an "innocent owner" of the vehicle, who had no knowledge of defendant's illegal activities or use of the vehicle for unlawful activities. ECF No. 226 at 3.

////

As the government explains, ECF No. 233, the vehicle at issue was seized pursuant to a federal search warrant in August of 2008 and subsequently forfeited though an administrative proceeding under 18 U.S.C. § 983.  In response to notice of the forfeiture, defendant's father filed an administrative petition for remission.  That petition was denied.  ECF No. 233-3 (letter from DEA Asset Forfeiture Section to Ve Thanh Nguyen, denying petition for remission).  The vehicle was forfeited and sold at auction in January, 2010.  The government moves for dismissal of the Rule 41(g) motion on two grounds: (1) defendant in pro se may not assert a third party's interest in seized property; and (2) the court lacks jurisdiction to review a federal agency's decision to decline an administrative petition for remission.

In opposition, defendant denies that his father ever filed a petition for remission and that his father was ever served with notice of the forfeiture.  He denies that he is practicing law by filing the Rule 41(g) motion on his father's behalf, explaining that "Defendant is filing the Motion on his father's behalf because Defendant's father does not speak english or understand the english language well."  ECF No. 235 at 1, 2.

Because he is acting in pro se, defendant may represent only himself and his own interests.  He may not bring a motion on behalf of another person.  See Johns v. County of San Diego, 114 F.3d 874, 876, 877 (9th Cir. 1997) (non-lawyer has no authority to appear on behalf of others).  The fact that defendant's father is not proficient in English does not permit an exception to this rule.

Moreover, district courts lack jurisdiction to review a federal agency's decision to deny an administrative petition for remission.  United States v. One 1987 Jeep Wrangler Automobile, 972 F.2d 472, 480 (2d Cir. 1992) ("[T]he overwhelming weight of authority supports the position that a federal court lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun.").  Administrative review and judicial review are exclusive remedies, and the choice of one therefore precludes the other.  Accordingly, the senior Mr. Nguyen's petition for remission bars any motion under Rule 41(g).  See id. at 479 (once administrative process has begun, "the district court loses subject matter jurisdiction to adjudicate

////

the matter in a peripheral setting such as a Rule 41(e) motion."[1]); Gonzalez v. United States DOJ, 2013 U.S. Dist. LEXIS 151795, *10-11 (E.D. Cal. 2013) (O'Neill, J.) (noting that forfeiture proceedings bar relief under Rule 41(g)); Phillips v. United States, 2010 U.S. LEXIS 67186, *4-5 (D. Ariz. 2010) (claimant's election to proceed by petition to DEA for remission of forfeiture binds claimant to that remedy); see also Conservation Force v. Salazar, 646 F.3d 1240, 1242-43 (9th Cir. 2011) (holding, in structurally analogous context of forfeiture under Endangered Species Act, that potential claimants are barred from seeking judicial relief from forfeiture after pursuing an administrative path by filing a petition for remission).

Contrary to defendant's representation, the United States has adequately documented its provision of notice regarding forfeiture, and has also documented the denial of his father's petition for remission. ECF Nos. 233-2 & 233-3. Whether the senior Mr. Nguyen filed a formal petition or some other document that was liberally construed as a petition for remission is immaterial. It is clear that he attempted to get the Escalade back from DEA on grounds he was an innocent owner, and that the DEA considered and rejected this claim. ECF No. 233-3. This court therefore lacks jurisdiction to consider the issue.

Finally, the court notes that the vehicle at issue was sold at auction more than five years ago. Rule 41(g) provides only for the return of property that is in the government's possession; it provides no other remedy. See Ordonez v. United States, 680 F.3d 1135, 1139 (9th Cir. 2012). Because the truck is no longer in the government's possession, petitioner seeks relief that cannot be had.

For all these reasons, IT IS RECOMMENDED that:

1. Plaintiff's motion to dismiss, ECF No. 233, be GRANTED; and

2. Defendant's motion for return of property, ECF No. 226, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

---

[1] The former Rule 41(e) is substantively identical to the current Rule 41(g).

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3 shall be served and filed within fourteen days after service of the objections.  The parties are
4 advised that failure to file objections within the specified time may waive the right to appeal the
5 District Courts order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6 DATED: March 18, 2015

                                         /s/ Allison Claire
                                         ALLISON CLAIRE
                                         UNITED STATES MAGISTRATE JUDGE