UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SON NGUYEN,<br><br>Defendant. | No. 2:08-cr-0389 GEB AC P<br><br><br><br>ORDER |

Son Nguyen ("movant") is a federal prisoner and has, through his counsel, filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 251.[1] Movant notes that this court imposed an enhanced sentence upon him based on his status as a career offender under the United States Sentencing Guidelines (U.S.S.G. § 4B1.1, 4B1.2(a)). ECF No. 251 at 9. Movant was classified as a career offender based on the following "crimes of violence": (1) two convictions for robbery under Cal. Penal Code § 211; (2) two convictions for assault with a firearm under Cal. Penal Code § 245(a)(2); and (3) one conviction for burglary under Cal. Penal Code § 459. ECF No. 251 at 11.

Movant claims that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) invalidated not only the residual clause of the Armed Career Criminal Act

---

[1] This case was assigned, for administrative purposes, civil case number 2:16-cv-01372 GEB.

1

("ACCA") but also the identically worded residual clause at § 4B1.2(a)(2). ECF No. 251 at 12-16. Were he correct, movant's enhanced sentence could only be upheld if the aforementioned convictions qualified as "crimes of violence" under § 4B1.2(a)'s "force" or "enumerated" clauses. Id. at 16-20. It now appears that the court will not have to decide that question. On March 6, 2017, the Supreme Court announced in Beckles v. United States, 137 S. Ct. 886 (2017), that the holding in Johnson – which was based on the vagueness of the ACCA's residual clause - did not extend to the residual clause in §4B1.2(a). Id. at 892. Accordingly, it is unclear how the immediate motion can succeed.

    The court will not recommend immediate denial of the motion. Instead, movant will have an opportunity to respond to this development. He may, within twenty-one days of the date of this order's entry, file a response which explains why Beckles does not require that his motion be denied. If movant fails to respond within the time provided, the court will recommend that this motion be denied.

DATED: May 23, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE