UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff - Respondent,<br><br>   v.<br><br>SON NGUYEN,<br><br>         Defendant - Movant. | No. 2:08-cr-0389 GEB AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Son Nguyen ("movant") is a federal prisoner and has, through his counsel, filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 251.[1] As noted in the court's previous order (ECF No. 255), he argues that his enhanced sentence based on his status as a career offender under the United States Sentencing Guidelines (U.S.S.G. § 4B1.1, 4B1.2(a)) was invalidated by the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Movant was classified as a career offender based on the following "crimes of violence": (1) two convictions for robbery under Cal. Penal Code § 211; (2) two convictions for assault with a firearm under Cal. Penal Code § 245(a)(2); and (3) one conviction for burglary under Cal. Penal Code § 459. ECF No. 251 at 11. He argues that these convictions do not qualify as "crimes of violence" under § 4B1.2(a)'s "force" or "enumerated" clauses. Id. at 16-20.

---

[1] This case was assigned, for administrative purposes, civil case number 2:16-cv-01372 GEB.

1

It follows, movant argues, that the convictions can only be "crimes of violence" if they fall under the residual clause at § 4B1.2(a)(2) which states that states that a "crime of violence" is "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." (emphasis added)  This highlighted language is identical to the residual clause in the Armed Career Criminal Act ("ACCA") (18 U.S.C. §924(e)(2)(B)(ii)), which the Supreme Court determined was void for vagueness in <u>Johnson</u>.

On March 6, 2017, however, the Supreme Court decided <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017) wherein it held that the holding in <u>Johnson</u> –based on the vagueness of the ACCA's residual clause - did not extend to the residual clause in §4B1.2(a). <u>Id.</u> at 892.  This holding appeared to foreclose any hope of success for the pending motion.  Nevertheless, on May 24, 2017, the court invited movant to file a response within twenty-one days explaining how his motion could still succeed in light of <u>Beckles</u>. ECF No. 255.  More than twenty-one days have now passed and movant has declined to file a response.

Based on the foregoing, it is HEREBY RECOMMENDED that the motion to vacate, set aside, or correct movant's sentence pursuant to 28 U.S.C. § 2255 (ECF No. 251) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing

////
////
////
////

§ 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: June 16, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE