UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-cr-00389-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| SON NGUYEN, | |
| Defendant. | |

This matter is before the Court on Defendant Son Nguyen's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).  (ECF No. 261.)  The Government filed an opposition.  (ECF No. 265.)  Defendant did not file a reply.  For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

///

///

1

1   **I.    FACTUAL AND PROCEDURAL BACKGROUND**

2       On August 12, 2011, Defendant pleaded guilty to distribution of over five grams of

3   methamphetamine in violation of 21 U.S.C. § 841(a)(1).  (ECF Nos. 183, 185.)  On April 27,

4   2012, the Honorable Garland E. Burrell, Jr., sentenced Defendant to a 188-month term of

5   imprisonment to be followed by a 60-month term of supervised release.  (ECF Nos. 211, 213.)

6   Defendant is currently serving his sentence at Moshannon Valley Correctional Facility.  He has

7   served approximately 150 months of his 188-month sentence of imprisonment and his projected

8   release date with good conduct time is December 19, 2021.

9       On March 1, 2021, Defendant filed the instant *pro se* motion for release pursuant to 18

10  U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 261.)  Defendant requests the Court reduce his term of

11  imprisonment to time served with a period of home confinement due to the COVID-19 pandemic.

12  (*Id.*)  Defendant is 51 years old and claims he is still suffering consequences from previously

13  contracting COVID-19.  (*Id.* at 5.)

14      **II.    ANALYSIS**

15      Generally, a court "may not modify a term of imprisonment once it has been imposed."

16  18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The

17  compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the

18  general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

19          upon motion of the defendant after the defendant has fully exhausted
        all administrative rights to appeal a failure of the Bureau of Prisons

20          ["BOP"] to bring a motion on the defendant's behalf or the lapse of
        30 days from the receipt of such a request by the warden of the

21          defendant's facility, whichever is earlier.

22  18 U.S.C. § 3582(c)(1)(A).

23      In the instant case, it is undisputed that Defendant has met the threshold exhaustion

24  requirement.  Defendant filed a request on December 23, 2020, and the warden denied

25  Defendant's request on February 17, 2021.  (ECF No. 261 at 21–25.)  Because more than 30 days

26  have elapsed since Defendant's request, Defendant has met the exhaustion requirement.  *See* 18

27  U.S.C. § 3582(c)(1)(A).

28  ///

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant emphasizes that he was hospitalized for COVID-19 and therefore argues he "must have an underground co-morbidity" that makes him extremely susceptible to COVID-19. (ECF No. 261 at 5.) However, he fails to cite any specific medical condition that puts him at greater risk of future COVID-19 complications. Because Defendant has not provided evidence as to the existence or severity of any specific risk factors, Defendant has not met his burden to show that he actually suffers from a serious medical condition that makes him more vulnerable to COVID-19. Finally, it bears mentioning that the BOP currently reports zero active cases of COVID-19 at Defendant's facility.

For the foregoing reasons, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

///

3

1    In sum, the Court denies Defendant's request for compassionate release because

2 Defendant has not shown there are extraordinary and compelling reasons for his release.

3 Therefore, the Court need not address whether Defendant is a danger to the community or the §

4 3553(a) factors.  *See* U.S.S.G. § 1B1.13(2) (requiring defendant to show he is "not a danger to the

5 safety of any other person or to the community"); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring

6 consideration of the § 3553(a) factors before granting compassionate release).

7    **III.    CONCLUSION**

8    For the foregoing reasons, the Court hereby DENIES Defendant's Motion for

9 Compassionate Release.  (ECF No. 261.)

10    IT IS SO ORDERED.

11 DATED:  April 22, 2021

Troy L. Nunley
United States District Judge